UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL J. MAHAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ODDIE SHOUPE, in his official capacity )<br>as Sheriff of White County, Tennessee, )<br>and WILLIAM WHITSON, individually )<br>and in his official capacity as an )<br>employee of the White County Sheriff's )<br>Department )<br>)<br>Defendants. ) | Civil No. 2:15-00001<br>Judge Sharp |

## MEMORANDUM

Before the Court is the "Partial Motion to Dismiss" (Docket No. 2) of Defendants Sheriff Oddie Shoupe ("Shoupe") and William Whitson ("Whitson"), to which Plaintiff Michael Mahan ("Mahan") has responded in opposition (Docket No. 11) and Defendants have replied (Docket No. 12). For the following reasons, Defendants' Motion will be granted in part and denied in part.

### I. Background

This action was originally filed in the Circuit Court of White County, Tennessee and subsequently removed to this Court on January 7, 2015.

Plaintiff's complaint arises from an incident where he was allegedly pulled over by Whitson, arrested, and detained for over nine hours for violating of an Order of Protection from Overton County, an order which never actually existed (Docket No. 1). Mahan also alleges his mugshot was printed in the local newspaper, as well as on the cover of a magazine called "Cuffed," in which local citizens' mugshots are routinely featured. Mahan alleges violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution (Docket No. 1).

1

He brings this action under the Civil Rights Act of 1871 (42 U.S.C. § 1983) against Whitson and Shoupe, alleging that Shoupe is vicariously liable in his official capacity as Sheriff (Docket No. 1). Mahan also alleges violations of state law stemming from the same incident (Docket No. 1). He alleges that he suffered the state common law torts of libel, slander, assault, battery, and false imprisonment, for which Whitson is liable and for which Shoupe is vicariously liable (Docket No. 1).

Defendants move to dismiss all Fifth and Fourteenth Amendment claims against Whitson and Shoupe and all Fourth Amendment claims against Shoupe on the grounds that Mahan fails to state any constitutional claim upon which relief may be granted under 42 U.S.C. § 1983 (Docket No. 3). They move to dismiss the state common law tort claims against Shoupe on the grounds that municipal liability does not extend to Shoupe because Mahan's causes of action are exempted from the statutory waiver of liability under the Tennessee Government Tort Liability Act (Docket No. 3).

## II. Legal Analysis

### A. Standard of Review

When considering a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), "all well-pleaded material allegations of the pleadings" must be assumed true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). However, a court is not compelled to accept "legal conclusions or unwarranted factual inferences." Hunter v. Sec'y of U.S. Army, 565 F.3d 986, 992 (6th Cir. 2009). Plaintiff must plead "sufficient factual matter" for the claim to be "plausible, i.e., more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009). A "formulaic recitation of the elements of a cause of action" is insufficient to meet this standard. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). Likewise, the plausibility standard is not met when only "supported by mere conclusory statements." Iqbal, 556 U.S. at 129.

**B. Federal Claims Under Civil Rights Act of 1871 (42 U.S.C. § 1983)**

Mahan fails to state a self-standing claim under the Fifth Amendment because he brings suit exclusively against local actors. "[T]he Fifth Amendment applies to the federal government, not state or local governments." Myers v. Village of Alger, Ohio, 102 F. App'x 931, 933 (6th Cir. 2004). The Fifth Amendment "cannot support a claim against state [or local] actors." Buchanan v. Metz, 6 F. Supp. 3d. 730, 757 n.5 (E.D. Mich. 2014); see Scott v. Clay Cnty., Tenn., 205 F.3d 867, 873 (6th Cir. 2000) ("The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government"). Accordingly, the Fifth Amendment claim will be dismissed.

Mahan also fails to state a cause of action under the Fourteenth Amendment because "claims that law enforcement officials have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." Graham v. Conner, 490 U.S. 386, 395 (1989). Accordingly, the Fourth Amendment's specific protections against unreasonable search and seizure, not the generalized protections of the Fourteenth Amendment, are the appropriate lens through which claims of this nature must be analyzed. Id. Therefore, the Fourteenth Amendment claims fail and will be dismissed.

Mahan does state a valid cause of action under the Fourth Amendment as to Whitson. Insofar as Shoupe is vicariously liable, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury." Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997). Indeed, a municipality is only liable under 42 U.S.C. § 1983 where "the execution of a

government's policy or custom" is responsible for the injury in question. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). "The finding of a custom or policy is the initial determination to be made in any municipal liability claim." Doe v. Claiborne County, Tenn., 103 F.3d 495, 509 (6th Cir. 1996). The omission of this requirement "would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard. This path to municipal liability has been forbidden by the Supreme Court." Thomas v. City of Chattanooga, 298 F.3d 426, 432-33 (6th Cir. 2005) (citing Monell, 436 U.S. at 694).

Defendants argue that Mahan fails to identify such a policy or custom in his complaint. They insist that all he has done is allege a negligent "failure to adequately train, hire, and supervise" on the part of Shoupe, and that the Supreme Court has held that "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

The Sixth Circuit has established that alleging the existence of a policy or custom makes a complaint sufficiently well-pleaded to survive a motion to dismiss. See Petty v. County of Franklin, Ohio, 478 F.3d 341, 348 (6th Cir. 2007) (citing Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994)) (establishing that "a district court's dismissal of a civil rights complaint on a 12(b)(6) motion is scrutinized with special care"). In Petty, the court reasoned that in cases brought under 42 U.S.C. § 1983, the plaintiff probably could not know "at the point of his *complaint*, and without the benefit of discovery, whether such a custom or policy might exist, and if it does exist, what its contours might be or how exactly it effected a violation of his constitutional rights." 478 F.3d at 348. Having considered the complaint, the Court concludes that Mahan has set forth factual allegations that implicate a municipal policy or custom as the proximate cause of his alleged Fourth Amendment injuries. Mahan alleges a custom or policy of

4

failing to adequately train, hire, and supervise (Docket No. 1). Additionally, he offers allegations of other incidents which, when accepted as true, would support a plausible belief in the existence of a policy or custom that violated his rights (Docket No. 1). Accordingly, the Fourth Amendment claims are sufficient pursuant to 42 U.S.C. § 1983 and will not be dismissed.

**C. State Claims and Tennessee Government Tort Liability Act**

In moving to dismiss Mahan's state common law tort claims against Shoupe, Defendants contend that Shoupe is immune from liability under the Tennessee Government Tort Liability Act ("the TGTLA") since the claims against him in his official capacity are identical to a direct action against White County. Tenn. Code Ann. § 29-20-201, *et seq.*; see Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Plaintiff concurs that the TGTLA protects Shoupe from liability (Docket No. 11). In light of the apparent agreement between the parties, the state common law tort claims against Shoupe will be dismissed (i.e. the claims listed in the Complaint (Docket No. 1) under section VI, subsections A through G).

### III. Conclusion

Defendants' "Partial Motion to Dismiss" (Docket No. 2) will be granted in part and denied in part. The Motion will be granted with respect to the Fifth and Fourteenth Amendment claims and those claims will be dismissed. The Motion will be denied with respect to the Fourth Amendment claims and those claims will be sustained. The Motion will be granted with respect to the state common law tort claims against Shoupe; those claims will be dismissed.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE